UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN PAUL ENZO KLEIN,

                  Plaintiff,

-against-

DR. JEROME NORTON, et al.,

                  Defendants.

24-CV-5636 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who resides in Yonkers, New York, brings this action *pro se*, alleging that Defendants violated his federal constitutional and statutory rights while he was detained at the Westchester County Jail ("WCJ"), a facility operated by the Westchester Department of Corrections ("WDOC"). Named as defendants are: (1) Dr. Jerome Norton, identified as the Director of Wellpath Medical Services ("Wellpath") at the WDOC; (2) Amy Schell, a therapist; (3) Wellpath, the medical provider at the WCJ; (4) the WDOC; (5) County of Westchester; (6) unidentified defendant "John Doe 1"; and (7) unidentified defendant "John Doe 2." The Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983 and state law.

      By order dated July 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) dismisses the claims against the WDOC; (2) directs service on Dr. Jerome Norton, Amy Schell, Wellpath, and the County of Westchester; (3) directs the Westchester County Attorney to provide Plaintiff and the Court with the identity, shield number, as well as service address of "John Doe 1"; and (4) declines to issue *Valentin* instructions with respect to "John Doe 2."

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.   Claims against the WDOC**

Plaintiff's claims against the WDOC must be dismissed because municipal agencies and departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The WDOC is an agency of the County of Westchester and is a municipal department that cannot be sued. Thus, Plaintiff's claims against the WDOC will be considered as brought against the County of Westchester, which he also names as a defendant.

A.     **Service on Remaining Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Norton, Schell, Wellpath, and the County of Westchester through the USMS, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered summonses issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

### B. *Valentin* Instructions

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the WDOC to identify unidentified defendant "John Doe 1," the Assistant Warden who allegedly violated Plaintiff's rights during his detention in the WCJ during the Summer of 2021. It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the WDOC, must ascertain the identity and badge number of this defendant whom Plaintiff seeks to sue here and the address where this defendant may be served. The Westchester County Attorney must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming that newly identified individual as a defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will review it and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the newly named defendant and deliver to the USMS all documents necessary to effect service on that defendant.

### C. "John Doe 2"

Plaintiff also names "John Doe 2" as an unidentified defendant in the caption of the complaint. Because Plaintiff alleges no facts showing how this unidentified defendant was directly involved in the alleged violations, and provides no information that would allow his identification, the Court declines at this time to issue instructions to the Westchester County Attorney under *Valentin* concerning this defendant.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Westchester County Department of Corrections. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to: (1) issue summonses for Defendants Norton, Schell, Wellpath, and the County of Westchester; (2) complete USM-285 forms with the service addresses for the abovementioned defendants; (3) deliver all documents necessary to effect service of the summonses and the complaint on the abovementioned defendants to the U.S. Marshals Service; and (4) mail an information package to Plaintiff.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Westchester County Attorney's Office at: 148 Martine Avenue, White Plains, New York 10601. An Amended Complaint form is attached.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 24, 2024
       White Plains, New York

                                                    *Cathy Seibel*
                                                Cathy Seibel
                                      United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Dr. Jerome Norton
   Wellpath Medical Services
   110 Wells Farm Road
   Goshen, NY 10924

2. Amy Schell
   Wellpath Medical Services
   110 Wells Farm Road
   Goshen, NY 10924

3. Wellpath Medical Services
   110 Wells Farm Road
   Goshen, NY 10924

4. County of Westchester
   Westchester County Attorney's Office
   148 Martine Avenue
   White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

Write the full name of each plaintiff.

-against-

_____
_____
_____
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name           Middle Initial | Last Name |
| Prison Address | |
| County, City           State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____