UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN PAUL ENZO KLEIN,

                Plaintiff,

-against-

DR. JEROME NORTON, et al.,

                Defendants.

24-CV-5636 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff brings this action *pro se*, alleging that Defendants violated his federal constitutional and statutory rights while he was detained at the Westchester County Jail ("WCJ"). The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law.

By order dated July 26, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP") – that is, without prepayment of fees.[1] By order dated September 24, 2024, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Norton, Schell, Wellpath, and the County of Westchester, issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service. The Court also dismissed the claims against the Westchester County Department of Corrections. On October 28, 2025, Plaintiff filed an Amended Complaint, adding Walter Moccio as a defendant.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service of the Amended Complaint on Defendant Moccio, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for him. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Moccio.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Moccio; complete the USM-285 form for him; and deliver all documents necessary to effect service of the Amended Complaint to the U.S. Marshals Service. The original Defendants' deadline to answer or file a pre-motion letter is extended to 30 days from the date Defendant Moccio is served with the Amended Complaint.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

SO ORDERED.

Dated: November 6, 2025
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Walter Moccio
   Westchester County Department of Correction
   10 Woods Road
   Valhalla, New York 10595